■ PETER ZAPP, by His Mother and Natural guardian, ROSE ZAPP, et al., Respondents, v. ROSS PONTIAC, INC., et al., Appellants.— In a personal injury action, defendants appeal from an order of the Supreme Court, Suffolk County, entered November 17, 1971, which directed an assessment of damages to be held, a jury having rendered a verdict in favor of plaintiffs on the issues of liability. Order reversed, on the law, and new trial granted, with costs to abide the event. The appeal did not present questions of fact. In *Lalomia* v. *Bankers & Shippers Ins. Co.* (35 A D 2d 114, 116) this court held that a motorized bicycle was a motor vehicle within the Vehicle and Traffic Law, for

the following reason: " To hold that the motor-driven cycle was not a motor vehicle would allow the indiscriminate use of such dangerous contraptions by youngsters on our public highways. It is only when such vehicles are registered and made to conform to minimum standards of safety (the vehicle involved herein had no brakes and could be made to stop only by 'shorting' the spark plug) that accidents of this type can be avoided." This reasoning is equally applicable to the " contraption " or " Go-Cart " in this case: a construction of metal tubing about 4½ feet long, with four small tires, a steering wheel, a lawnmower type engine, and gas and braking pedals (the "brake" merely rubbed against the wheel — it was not a disc or drum); without, however, a horn, a windshield or wipers, a signal device (other than the driver's hand), a light or reflector, or a speedometer. Accordingly, it was reversible error for the trial court to charge the jury that this "Go-Cart" was not a motor vehicle within the meaning of the Vehicle and Traffic Law and that the equipment requirements of section 375 of that Law did not apply thereto. It was also error for the trial court to permit plaintiffs' counsel to question the past president and sales manager of the corporate defendant about hiring and supervisory practices, since neither the complaint nor plaintiffs' bill of particulars set forth any theory of liability based on those practices. Rabin, P. J., Hopkins, Martuscello, Christ and Brennan, JJ., concur.