THOMAS TYLER, PLAINTIFF v. NATIONWIDE MUTUAL INSURANCE COMPANY, DEFENDANT

No. 9010DC617

(Filed 19 February 1991)

**Insurance § 68.8 (NCI3d) — automobile insurance — intrapolicy stacking of medical payments — denied**

The trial court correctly granted defendant's motion for summary judgment in an action in which plaintiff attempted to stack intrapolicy medical payments coverage in an automobile policy. The natural construction of the policy language is that the defendant's liability is limited to the amount shown in the policy declarations and that the liability is the same regardless of how many additional vehicles plaintiff has insured with defendant or how many premiums plaintiff has paid. There was consideration for the premium paid for the second vehicle because the coverage of the two vehicles is not identical and the premium for the second vehicle fills that gap in coverage.

**Am Jur 2d, Automobile Insurance § 292.**

**Combining or "stacking" medical payment provisions of automobile liability policy or policies issued by one or more insurers to one insured. 29 ALR4th 49.**

APPEAL by plaintiff from order entered 16 April 1990 by *Judge L. W. Payne* in WAKE County District Court. Heard in the Court of Appeals 13 December 1990.

On 27 November 1987 plaintiff was involved in an automobile accident which resulted in medical expenses in excess of $4,000.00. At that time plaintiff had in effect a personal automobile liability insurance policy issued by defendant. This policy provided medical payments coverage with a limit of $2,000.00 for the two covered vehicles. Defendant paid plaintiff $2,000.00 pursuant to this coverage.

Plaintiff sought to aggregate his medical payments coverage for both of his insured vehicles (intrapolicy stacking) to recover a total of $4,000.00 under his policy with defendant. Defendant made a motion for summary judgment, arguing the policy language prohibited intrapolicy stacking of medical payments coverage. From the order granting defendant's motion plaintiff appeals.

*Kirk, Gay, Kirk, Gwynn & Howell, by Philip G. Kirk, for plaintiff-appellant.*

*LeBoeuf, Lamb, Leiby & MacRae, by Peter M. Foley and Margaret Madison Clarke, for defendant-appellee.*

ARNOLD, Judge.

Plaintiff contends the trial court erred in granting defendant's motion for summary judgment. Neither party disputes the material facts alleged by plaintiff's complaint. The dispute involves the availability of intrapolicy stacking of medical payments coverage.

Determining the meaning of the language used in an insurance policy is a question of law. *Wachovia Bank & Trust Co. v. Westchester Fire Ins. Co.*, 276 N.C. 348, 172 S.E.2d 518 (1970); *Woods v. Nationwide Mutual Ins. Co.*, 295 N.C. 500, 246 S.E.2d 773 (1978). Since the insurance company selected the words used in the policy, any ambiguity or uncertainty as to their meaning must be resolved against the company and in the policyholder's favor. *Wachovia*, 276 N.C. 348, 172 S.E.2d 518. However, "[n]o am-

biguity . . . exists unless, in the opinion of the court, the language of the policy is fairly and reasonably susceptible to either of the constructions for which the parties contend." *Id.* at 354, 172 S.E.2d at 522.

"The test in construing the language of the contract is not what the insurer intended the words to mean, but what a reasonable person in the position of the insured would have understood them to mean." *Marriott Financial Services, Inc. v. Capitol Funds, Inc.,* 288 N.C. 122, 143, 217 S.E.2d 551, 565 (1975). As the insured, plaintiff was entitled under Part C—Medical Payments Coverage to medical payments for bodily injury "[c]aused by accident . . . while occupying . . . a motor vehicle designed for use mainly on public roads or a trailer of any type." This coverage was limited by the policy's express language, which stated:

LIMIT OF LIABILITY. The limit of liability shown in the Declarations for this coverage is our maximum limit of liability for each person injured in any one accident regardless of the number of:

1. Claims made;

2. *Vehicles or premiums shown in the Declarations* (emphasis added); or

3. Vehicles involved in the accident.

The natural construction of this policy's language is that when the insured is injured in an automobile accident, the defendant's liability is limited to the amount shown in the policy declarations. This liability is the same regardless of how many additional vehicles plaintiff has insured with defendant or how many premiums plaintiff has paid. The plaintiff is not entitled to stack the medical payments coverage for each car for which he has paid a premium.

Plaintiff further contends that the medical payments coverage provided for each of his two vehicles overlaps completely and is identical. He concludes that unless he is allowed to stack medical payments coverage intrapolicy, he has received no consideration for the premium paid for the second policy.

While there is some overlap in each vehicle's coverage, the coverage is not identical. One example of their differing coverage is found in Part C—Medical Coverage, Exclusions: "We do not provide Medical Payments Coverage for any person for **bodily in-**

jury: . . . 4. Sustained while **occupying**, or when struck by, any vehicle (other than **your covered auto**) which is: a. owned by you[.]" Coverage of a single vehicle extends protection to the covered auto and non-owned vehicles, but not to owned, non-covered vehicles. Plaintiff's second premium for the second vehicle fills this gap in coverage, and is consideration for the premium.

We find nothing in this policy's language which plaintiff could have reasonably interpreted at the time he received the policy as allowing him to stack medical payments coverage intrapolicy. *See Wachovia*, 276 N.C. 348, 172 S.E.2d 518. The trial court's order granting defendant's motion for summary judgment is affirmed.

Affirmed.

Judges JOHNSON and LEWIS concur.