TRANSALL, INC. v. PROTECTIVE INSURANCE CO.

[107 N.C. App. 283 (1992)]

───────────────

TRANSALL, INC., PLAINTIFF v. PROTECTIVE INSURANCE COMPANY, DEFENDANT

No. 9121SC310

(Filed 18 August 1992)

**Master and Servant § 80 (NCI3d)— workers' compensation rates— retrospective adjustment—construction of policy—summary judgment improper**

A genuine issue of material fact was presented as to whether the retrospective adjustment of plaintiff's premiums for workers' compensation insurance based on claims and loss experience was to be calculated for each year of a three-year period or was to be calculated only once for the entire three-year period.

**Am Jur 2d, Summary Judgment § 27; Workers' Compensation § 467.**

APPEAL by plaintiff from order entered 4 January 1991 by *Judge Steve Allen* in FORSYTH County Superior Court. Heard in the Court of Appeals 7 January 1992.

Plaintiff Transall, Inc. ("Transall"), a freight hauling company, brought this declaratory judgment action 20 July 1990 seeking a determination as to its rights and liabilities pursuant to three workers compensation policies issued by defendant Protective Insurance Company ("Protective").

The basic source of the controversy between the parties does not pertain to insurance coverage. Instead the issue arises out of conflicting interpretations and understandings of the provision determining how policy premiums were to be calculated. Both Transall and Protective moved for summary judgment. On 4 January 1992, the trial court denied Transall's motion for summary judgment and entered summary judgment in favor of Protective resulting in an unpaid amount due of $370,190 from Transall.

From this order, plaintiff appeals.

*Smith Helms Mulliss & Moore, by J. Donald Cowan, Jr. and Terrill L. Johnson, for plaintiff-appellant.*

*Petree Stockton & Robinson, by James H. Kelly, Jr. and Kenneth S. Broun, for defendant-appellee.*

ORR, Judge.

Transall appeals the trial court's entry of summary judgment in favor of Protective. For the reasons below, we reverse the order of the trial court.

Transall purchased three one-year insurance policies from Protective. Protective issued a workers compensation insurance policy, Policy No. RWC 8135, to Transall effective 1 October 1984 to 11 October 1985. The policy contained an endorsement entitled "RETROSPECTIVE PREMIUM ENDORSEMENT RATING OPTION V— THREE YEAR PLAN" which states in pertinent part:

> This endorsement is added to Part Five (Premium) because you chose to have the cost of the insurance rated retrospectively by Rating Option V. This endorsement explains the rating plan and how the retrospective premium will be determined.

TRANSALL, INC. v. PROTECTIVE INSURANCE CO.

[107 N.C. App. 283 (1992)]

This endorsement . . . determines the retrospective premium for the insurance provided during the rating plan period by this policy, any policy listed in the Schedule, and the renewals of each. The rating plan period is the three year period beginning with the effective date of this endorsement.

The endorsement further provides:

Insurance policies listed in the Schedule will be combined with this policy to calculate the retrospective premium . . . . If this endorsement applies to more than one policy or state, the standard premium will be the sum of the standard premiums for each policy and state.

The endorsement provides for premium calculation as follows:

We will calculate the retrospective premium using all loss information we have as of a date six months after the rating period ends and annually thereafter . . . . We may make interim calculations of the retrospective premium for the first year and the first two years of the rating plan period. We will use all loss information we have as of a date six months after the end of these periods.

The "APPLICATION FOR APPROVAL OF PROPOSED RETROSPECTIVE RATING VALUES—RATING OPTION V" states that the term of the plan is three years.

Protective then issued Policy No. RWC 8178 with effective dates of 11 October 1985 to 11 October 1986. The information page of the policy states that it is a "renewal" of Policy No. RWC 8135. The policy contains a retrospective premium endorsement short form which states that "[t]he premium for this policy will be determined by the retrospective premium endorsement forming a part of policy number: RWC 8135." Protective then issued Policy No. RWC 8203 effective 11 October 1986 to 11 October 1987. The information page of the policy states that it is a "renewal" of Policy No. RWC 8178. The policy also contains a retrospective premium endorsement short form with the same language as in Policy No. RWC 8178.

\* \* \*

"[S]ummary judgment is appropriate in a declaratory judgment action where there is no genuine issue as to any material fact and either party is entitled to a judgment as a matter of law."

*Threatte v. Threatte*, 59 N.C. App. 292, 294, 296 S.E.2d 521, 523 (1982), *disc. review allowed*, 307 N.C. 582, 299 S.E.2d 650, *review improvidently granted*, 308 N.C. 384, 302 S.E.2d 226 (1983). Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (1990).

The retrospective premium endorsement provides for adjustment of the premiums due under the policy based on claims and loss experience. The purpose of a retrospective premium endorsement is

> to make the premium more closely reflect the actual loss and cost experience of the insured averaging out such experience over an extended period, usually three years. When the policy is issued, an estimated standard premium is set. This premium is only an estimate and normally does not represent the final premium although it may be relevant to the computation of that premium. Maximum and minimum premiums are also usually set. The final premium is based on several factors, including the insured's actual incurred losses. Computation based on the whole period is proper.

14 J. Appleman, *Insurance Law and Practice* § 7849.25 at 136-37 (1985).

In its complaint, Transall alleges that the proper construction and its understanding of the retrospective premium endorsements are that the "calculations are to be performed on each policy individually, and that the three policies are not to be combined in calculating the retrospective premium." In its answer, Protective contends that the "proper construction of the Retrospective Premium arrangement . . . calls for a calculation of the Retrospective Premiums due over a three year period based upon the combined experience for the three years. . . ."

"Insurance contracts are construed according to the intent of the parties, and in the absence of ambiguity, we construe them by the plain, ordinary and accepted meaning of the language used." *Integon General Ins. Corp. v. Universal Underwriters Ins. Co.*, 100 N.C. App. 64, 68, 394 S.E.2d 209, 211 (1990). "[A] contract of insurance should be given that construction which a reasonable

person in the position of the insured would have understood it to mean. . . ." *Grant v. Emmco Ins. Co.*, 295 N.C. 39, 43, 243 S.E.2d 894, 897 (1978). "It is a general rule of contract law that the intent of the parties, where not clear from the contract, may be inferred from their actions." *Branch Banking & Trust Co. v. Kenyon Investment Corp.*, 76 N.C. App. 1, 9, 332 S.E.2d 186, 192, *disc. review allowed*, 314 N.C. 662, 335 S.E.2d 902 (1985), *appeal withdrawn*, 316 N.C. 192, 341 S.E.2d 587 (1986).

Here the endorsement to the original policy, Policy No. RWC 8135, is entitled "RETROSPECTIVE PREMIUM ENDORSEMENT RATING OPTION V—THREE YEAR PLAN." The application states that the term of the plan is three years, and Transall concedes that it purchased insurance on a three year plan.

The endorsement to the original policy states that "[it determines the retrospective premium for the insurance provided during the rating plan period by this policy, any policy listed in the Schedule, and the renewals of each." Here no policy is listed. However, Policy No. RWC 8178 is a "renewal" of Policy No. RWC 8135 and Policy No. RWC 8203 is a "renewal" of Policy No. RWC 8178. The endorsement further provides for calculations and states that interim calculations may be made for the first year and the first two years of the rating plan period.

Transall contends the retrospective premium endorsement is unclear. Protective, however, relies on the policy's provision which states that "the rating plan period is the *3 year period* beginning with the effective date of this endorsement" (emphasis added), on the provision providing for "interim" calculations, and on the short form endorsements governing calculations for the two renewals. However, although there is reference to a three year period (and Transall concedes that it purchased insurance based on a three year plan), there is no reference to a combined adjustment, as Protective argues, in the original policy or short form endorsements. The short form endorsements merely state that the premiums "will be determined by the retrospective premium endorsement forming a part of Policy No. RWC 8135." Moreover, Transall argues that Protective's interpretation would defeat the Maximum Retrospective Premium calculated for each policy in the invoices.

In addition, Protective in fact did make calculations each year which is evidenced by a letter to Transall from Wayne Wittry, an account executive for Protective, which showed that during

the three year period Protective calculated the retrospective premium separately for each policy. Transall offered the affidavit of Thomas Clarke, who was responsible for supervising these insurance policies. His affidavit stated that "[a]t no time has plaintiff Transall ever agreed to allow defendant Protective to combine the maximum retrospective premiums and loss experiences of policy numbers RWC 8135, 8178, 8203, and at no time has Transall understood that the policies were intended to convey such authority to Protective." The affidavit of John E. Mitchell, a senior underwriter for Protective, stated that Policy No. 8135 "was subject to a Retrospective Premium Endorsement, said premium to be calculated pursuant to a three year plan. This three year rating plan period established a contract for insurance which covered a three year period." The affidavit of Lowell T. Gratigny, an account executive with Protective, stated that the "premium . . . would be on a one-year retrospective program basis, and the premium for Transall would be based upon a three-year retrospective plan."

While the interpretation of an insurance policy is a matter of law to be determined by the court, *Tyler v. Nationwide Mut. Ins. Co.*, 101 N.C. App. 713, 401 S.E.2d 80 (1991), and any ambiguity is to be resolved in favor of the insured since the contract was prepared by the insurer, *id.*, we decline to uphold summary judgment in this case. Here coverage was contracted for and provided. Protective has made a demand for payment based on its contentions as to how the premium was to be calculated. Transall has objected to the method of calculation and demanded Protective adjust its invoices accordingly. In our opinion, a genuine issue of material fact is raised as to how the premium to be charged was to be calculated, and a trier of fact should determine the premium amount due. Therefore, the trial court erred in granting summary judgment.

Reversed.

Judges EAGLES and COZORT concur.