TROPHY TRACKS, INC., Plaintiff v. MASSACHUSETTS BAY INSURANCE COMPANY, HANOVER INSURANCE COMPANY, LANCASTER McADEN, WILLIS SMITH COMPANY, THE INSURANCE CENTER AND MIKE McADEN, Defendants

No. COA08-733

(Filed 17 March 2009)

**1. Insurance— fire—related businesses—listed address— other site not covered**

The trial court erred by granting plaintiff partial summary judgment on the issue of insurance coverage for a fire in Greenville involving one of two related businesses (similar products as well as shared management, employees, shareholders, and facilities) where a policy provision specifically limited coverage to the listed address of the Apex facility. A reasonable person would not understand the clause "premises described in the Schedule below" to include the address listed on the top of each page.

**2. Insurance— fire—related businesses—joint operation—off premises provision—not applicable**

The trial court erred by granting plaintiff partial summary judgment on the issue of insurance coverage for a fire in Greenville involving one of two related businesses where plaintiff asserted that the Greenville property was partially insured under an "Off Premises" provision of the policy covering an Apex facil-

ity. That provision covers property located at premises that plaintiff does not own, lease, or operate. Although plaintiff asserted that the Greenville facility is owned and operated solely by the Apex company, the evidence in the case clearly shows that the two related businesses simultaneously conducted their affairs at the Greenville facility.

Appeal by defendants, Massachusetts Bay Insurance Company and Hanover Insurance Company, from order entered 23 January 2008 by Judge Jerry R. Tillet in Pitt County Superior Court. Heard in the Court of Appeals 28 January 2008.

> *Hopf & Higley, P.A., by Donald S. Higley, II, for plaintiff-appellee.*

> *Hedrick, Gardner, Kincheloe & Garofalo, L.L.P., by Reid Russell, for Massachusetts Bay Insurance Company and Hanover Insurance Company, defendant-appellants.*

> *Manning, Fulton & Skinner, P.A., by Michael T. Medford and William S. Cherry, III, for Lancaster McAden, Willis Smith Company, The Insurance Center and Mike McAden, defendant-appellees.*

HUNTER, JR., Robert N., Judge.

Defendants, Massachusetts Bay Insurance Company and Hanover Insurance Company (collectively "insurance companies"), appeal from partial summary judgment order entered in favor of plaintiff on the issue of insurance coverage. For reasons discussed herein, we reverse.

## I. Background

Kenneth Weeks, Michele Weeks, Edward Weeks, and Carolyn Weeks are stockholders of Weeks Seed Company ("Weeks Seed"), which was incorporated in 1990 for the purpose of selling seeds wholesale. In 2003, Kenneth Weeks, Michele Weeks, Kinsey Weeks, and Tori Weeks became shareholders of Trophy Tracks, Inc. ("plaintiff"), which was incorporated for the purpose of selling larger boxes of seed to attract deer for hunting purposes. Both companies shared a facility, owned by Weeks Seed, located at 2103 Chestnut Street in Greenville, NC ("Greenville facility"). The two companies shared management and employees. The employees of Weeks Seed also performed services for plaintiff including sales, seed storage, and ship-

ping. Shortly after its incorporation, plaintiff leased a second facility located at 2501-C Ten Ten Road in Apex ("Apex facility") for which it sought insurance. In September 2003, plaintiff purchased a business owners' insurance policy ("the policy") through defendant Lancaster McAden, an independent insurance agency. The policy, issued by defendant Massachusetts Bay Insurance Company, was effective from 12 September 2003 through 12 September 2004.

On 24 December 2003, a fire occurred at the Greenville facility and destroyed approximately $70,000.00 worth of plaintiff's property. On 30 April 2004, defendant Hanover Insurance Company, an affiliate of defendant Massachusetts Bay Insurance Company, denied coverage for plaintiff's property, on the grounds that the policy only covered property located at the Apex facility. The policy provides:

### A. Coverage

We will pay for direct physical loss of or damage to *Covered Property at the premises described in the Declarations* caused by or resulting from any Covered Cause of Loss.

#### 1. Covered Property

Covered Property includes . . .
Business Personal Property[.]

(Emphasis added.)

The first page of the declarations provides:

In consideration of the premium, insurance is provided the Named Insured with respect to those *premises described in the Schedule below* and with respect to those coverages and kinds of property for which a specific Limit of Insurance is shown, subject to all of the terms of this policy including forms and endorsements made a part hereof:

### LOCATION SCHEDULE

**Described Premises:**
NO. 1 2501-C TEN TEN ROAD, APEX, N.C. 27502

(Emphasis added.)

In August of 2006, plaintiff filed suit against the insurance companies, seeking to recover for its losses under the policy.[1] On 28

1. Plaintiff also filed alternative claims against Lancaster McAden, Willis Smith Company, The Insurance Center, and Mike McAden for failure to procure requested insurance. As a result of the partial summary judgment order, the claims against these

TROPHY TRACKS, INC. v. MASSACHUSETTS BAY INS. CO.

[195 N.C. App. 734 (2009)]

September 2006, plaintiff filed a motion for partial summary judgment on the issue of whether the policy provides coverage for its personal property destroyed by the fire on 24 December 2003. The matter was heard at the 6 October 2006 term of Pitt County Superior Court. The trial court granted plaintiff's partial summary judgment motion on 23 January 2008.

## II. Issues

The insurance companies argue that the trial court erred in granting plaintiff's motion for partial summary judgment and request that this Court remand the matter, pursuant to Rule 56(c), to the trial court to enter summary judgment against plaintiff.

## III. Standard of Review

Where a motion for summary judgment has been granted, the two critical questions on appeal are whether (1) there is a genuine issue of material fact, and (2) the moving party is entitled to judgment as a matter of law. *North River Ins. Co. v. Young*, 117 N.C. App. 663, 667, 453 S.E.2d 205, 208 (1995). We review an order granting summary judgment *de novo. Diggs v. Novant Health, Inc.*, 177 N.C. App. 290, 294, 628 S.E.2d 851, 855 (2006), *disc. review denied*, 361 N.C. 426, 648 S.E.2d 209 (2007).

## IV. Partial Summary Judgment Order

The insurance companies argue that the trial court erred in granting plaintiff partial summary judgment on the issue of insurance coverage. The insurance companies assert that neither the "Business Personal Property" provision nor the "Personal Property Off Premises" provision of the policy provides coverage for plaintiff's property at the Greenville facility. We agree.

**[1]** A. "Business Personal Property" Provision

The insurance companies contend that the "Business Personal Property" provision of the policy only provides coverage for plaintiff's property located at the Apex facility. The parties do not dispute that plaintiff's property destroyed in the fire is "Business Personal Property" or that the loss resulted from a "Covered Cause of Loss." The parties disagree whether or not plaintiff's property in Greenville constitutes "Covered Property at the premises described in the Declarations."

---

defendants became moot. A consent order staying plaintiff's claims against these defendants was filed on 18 December 2006.

The insurance companies claim that the policy clearly does not insure the Greenville facility because only the Apex facility is listed as a "described premises." Plaintiff argues that the Greenville facility is a "Covered Property at the premises described in the Declarations" because its name and address appear in the declarations six times. On the top of each page of the declarations, the following is listed:

**Named Insured and Address**
TROPHY TRACKS, INC.
2103 CHESTNUT STREET
GREENVILLE, NC 27834

We do not agree with plaintiff.

An insurance policy is a contract between two parties. *Allstate Ins. Co. v. Shelby Mut. Ins. Co.*, 269 N.C. 341, 345, 152 S.E.2d 436, 440 (1967). "[I]t is the duty of the court to construe an insurance policy as it is written, not to rewrite it and thus make a new contract for the parties." *Id.* at 346, 152 S.E.2d at 440 (citations omitted).

"[A] contract of insurance should be given that construction which a reasonable person in the position of the insured would have understood it to mean[.]" *Cowell v. Gaston Cty.*, 190 N.C. App.743, 746, 660 S.E.2d 915, 918 (2008) (quoting *Grant v. Emmco Ins. Co.*, 295 N.C. 39, 43, 243 S.E.2d 894, 897 (1978), *disc. review denied*, 363 N.C. 124, —— S.E.2d —— (2009). "If there is uncertainty or ambiguity in the language of an insurance policy regarding whether certain provisions impose liability, the language should be resolved in the insured's favor." *Eatman Leasing, Inc. v. Empire Fire & Marine Ins. Co.*, 145 N.C. App. 278, 281, 550 S.E.2d 271, 273 (2001), *disc. review denied and cert. denied*, 356 N.C. 298, 570 S.E.2d 503 (2002).

We do not find that the provision insures plaintiff's property in Greenville. The language in this provision specifically limits the insurance coverage to "those premises described in the Schedule below." Below that paragraph, in bold, is the heading, "LOCATION SCHEDULE." Directly under that heading, "Described Premises" is listed with the address of the Apex facility. We do not find that a reasonable person would understand the clause "premises described in the Schedule *below*" to include the address listed on the top of each page. (Emphasis added.) As a matter of law, the "Business Personal Property" provision does not provide coverage for plaintiff's property destroyed in the fire.

B. "Off Premises" Provision

[2] In an alternative argument, plaintiff asserts that its property in Greenville is partially insured under the "Off Premises" provision of the policy, which provides:

> **b. Personal Property Off Premises** You may extend the insurance that applies to Business Personal Property . . . *while temporarily at a premises you do not own, lease, or operate.* . . . The most we will pay for loss or damage under this Extension is $50,000 or the amount shown in the Additional Property Coverage Schedule.

We do not agree.

In their briefs, the parties primarily discuss whether or not plaintiff's property was "temporarily" located in Greenville. We need not address this matter, as we find that the provision does not apply because plaintiff operates the Greenville facility.

As provided above, the "Off Premises" provision requires the property to be located at a premises that plaintiff does not "own, lease, or operate." In its brief, plaintiff asserts that the Greenville facility is owned and operated solely by Weeks Seed.

"The interpretation of language used in an insurance policy is a question of law, governed by well-established rules of construction." *N.C. Farm Bureau Mut. Ins. Co. v. Mizell*, 138 N.C. App. 530, 532, 530 S.E.2d 93, 95 (2000). In the absence of ambiguity, we construe the policy provisions by the "plain, ordinary and accepted meaning of the language used." *Integon General Ins. Corp. v. Universal Underwriters Ins. Co.*, 100 N.C. App. 64, 68, 394 S.E.2d 209, 211 (1990). The American Heritage Dictionary of the English Language defines "operate" as "[t]o conduct the affairs of; manage: *operate a business*." American Heritage Dictionary 871 (2d ed. 1985).

The evidence in the case *sub judice* clearly shows that Weeks Seed and plaintiff simultaneously conducted their affairs at the Greenville facility. Plaintiff has always kept a substantial amount of its inventory and property at the Greenville facility. Plaintiff stored and packaged its products there until the products were shipped upon sale. By plaintiff's own admission "Trophy Tracks shared the [Greenville] facility with Weeks Seed Company and later leased a second building in Apex, NC." We hold that there is no genuine question of fact, on the basis of the evidence in the appellate record, that the

"Off Premises" provision does not insure plaintiff's property in Greenville. We reverse the partial summary judgment order.

## V. Summary Judgment for Defendants

Additionally, the insurance companies contend that the trial court should have entered summary judgment against plaintiff, pursuant to Rule 56(c), because there is no genuine issue of material fact that the policy did not insure plaintiff's property at the Greenville facility. Rule 56(c) provides that "[s]ummary judgment, when appropriate, may be rendered against the moving party." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2007). We remand this case to the trial court with instructions to consider whether, based on our decision, summary judgment should be issued in favor of the insurance companies on the issue of insurance coverage.

## V. Conclusion

There is no genuine issue of material fact that neither the "Business Personal Property" provision nor the "Business Personal Property Off Premises" provision provides coverage for plaintiff's property located at its Greenville facility. Accordingly, we reverse the order granting partial summary judgment to plaintiff.

Reversed and Remanded.

Judges JACKSON and ERVIN concur.