STATE AUTOMOBILE MUTUAL INSURANCE COMPANY v. MICHAEL W. HOYLE, ELIZABETH HOYLE, CYNTHIA THOMAS McABEE, JAMES B. McABEE, AND THOMAS WALKER McABEE

No. 9114SC441

(Filed 5 May 1992)

1. **Insurance § 149 (NCI3d)— homeowners insurance—exclusionary clause—go-cart not motor vehicle**

   A go-cart is not a "motor vehicle" within the meaning of an exclusionary clause of a homeowners insurance policy where the term "motor vehicle" is not defined in the policy, since the ordinary meaning as well as the statutory definition of "motor vehicle" contemplates suitability for highway use, and a go-cart is not designed or suitable for use on public highways and is not subject to the motor vehicle laws.

   **Am Jur 2d, Insurance § 727.**

2. **Insurance § 149 (NCI3d)— homeowners insurance—exclusionary clause—go-cart as motorized land conveyance**

   A go-cart is a "motorized land conveyance" within the meaning of an exclusionary clause of a homeowners insurance policy. Furthermore, an exception to this exclusionary clause providing coverage for injuries arising out of the use of recreational motorized land conveyances owned by an insured and on an insured location did not apply where the accident in question occurred on a public street and not on an insured location.

   **Am Jur 2d, Insurance § 727.**

APPEAL by plaintiff from judgment filed 5 March 1991 in DURHAM County Superior Court by *Judge Anthony M. Brannon.* Heard in the Court of Appeals 10 March 1992.

*Teague, Campbell, Dennis & Gorham, by John A. Tomei, for plaintiff-appellant.*

*Haywood, Denny, Miller, Johnson, Sessoms & Patrick, by Robert E. Levin, for defendant-appellees Michael W. Hoyle and Elizabeth Hoyle.*

*Poe, Hoof and Reinhardt, by Martha A. New, for defendant-appellees Cynthia Thomas McAbee and Thomas Walker McAbee.*

GREENE, Judge.

Plaintiff appeals from an order filed 5 March 1991, denying plaintiff's motion for summary judgment on plaintiff's declaratory judgment action, and entering summary judgment in favor of defendants.

The evidence established that on 13 April 1990, Will Hoyle (Will), son of defendants Michael W. and Elizabeth D. Hoyle (the Hoyles), was driving his go-cart approximately two and one half blocks from his home in Durham, North Carolina. Generally speaking, a go-cart is a recreational device made out of some type of tubing and generally about four to five feet long, with four small tires, a steering wheel, a lawnmower-type engine, and gas and brake pedals, but usually without lights, directional signals, a rear-view mirror, a horn, or a proper breaking system. *See Zapp v. Ross Pontiac, Inc.,* 332 N.Y.S.2d 121 (N.Y. 1972); *Sentry Ins. Co. v. Castillo,* 574 A.2d 138 (R.I. 1990). Go-carts are not designed for use on public highways. At the intersection of Falkirt Road and Farintosh Court, Will's go-cart struck defendant Thomas Walker McAbee (Thomas), causing injury to Thomas' left leg. At the time of the incident, the Hoyles were insured under a homeowner's policy with plaintiff. The policy provides coverage for personal liability and medical payments to others due to bodily injury. The policy also contains the following exclusionary clause:

1. Coverage E—Personal Liability and Coverage F—Medical Payments to Others do not apply to bodily injury or property damage:

. . .

e. arising out of:

> (1) the ownership, maintenance, use, loading or unloading of motor vehicles or all other motorized land conveyances, including trailers, owned or operated by or rented or loaned to an insured.

The policy does not provide a definition of the terms "motor vehicle" or "motorized land conveyance." However, the policy states that the above exclusion does not apply to "a motorized land conveyance designed for recreational use off public roads, not subject to motor vehicle registration and (a) not owned by an insured; or (b) owned by an insured and on an insured location." It is undisputed that the go-cart was owned by an insured, and that the go-cart accident did not occur on an insured location.

On 22 May 1990, plaintiff instituted an action seeking a declaratory judgment that the insurance policy at issue provides no coverage for personal liability or medical payments to others for Thomas' injuries resulting from the go-cart accident. On 17 January 1991, plaintiff filed a motion for summary judgment. On 5 March 1991, the trial court determined that the insurance policy provides coverage for the accident, and accordingly denied plaintiff's motion and granted defendants' oral motion for summary judgment.

---

The issues presented are whether (I) the undefined term "motor vehicle" as used in the exclusionary clause of a homeowner's insurance policy encompasses a go-cart; and (II) the undefined term "motorized land conveyance" as used in the same exclusionary clause encompasses a go-cart.

The general rule applicable to insurance contracts is that, in the absence of an ambiguity, the language used must be given its plain, ordinary, and accepted meaning. *Integon Gen. Ins. Corp. v. Universal Underwriters Ins. Co.*, 100 N.C. App. 64, 68, 394 S.E.2d 209, 211 (1990). However, where an ambiguity or uncertainty as to the meaning of words exists, the insurance contract must be construed in favor of the insured. *Wachovia Bank & Trust Co. v. Westchester Fire Ins. Co.*, 276 N.C. 348, 354, 172 S.E.2d 518, 522 (1970). A word is ambiguous when it is reasonably capable of more than one meaning. *Chadwick v. Aetna Ins. Co.*, 9 N.C. App. 446, 447, 176 S.E.2d 352, 353 (1970). When included in an

insurance contract, exclusionary clauses are to be strictly construed in favor of coverage. *Wachovia*, 276 N.C. at 355, 172 S.E.2d at 522-23. However, if such exclusions are plainly expressed, "insurers are entitled to have them construed and enforced as expressed." 43 Am Jur 2d Insurance § 291 (1982).

I

"Motor Vehicle"

[1]    Plaintiff argues that a go-cart is "obviously" a "motor vehicle." Defendants, on the other hand, contend that the term is ambiguous since it is not defined in the policy.

When an insurance policy contains no definition of a non-technical term, the ordinary meaning of the term controls. *Wachovia*, 276 N.C. at 354, 172 S.E.2d at 522. The dictionary defines "motor vehicle" as "a vehicle on wheels having its own motor and not running on rails or tracks, *for use on streets or highways*; especially, an automobile, truck or bus." Webster's New. World Dictionary, Second College Edition (1970) (hereinafter *Webster's*) (emphasis added). A "vehicle" is "any device or contrivance for carrying or conveying persons or objects, including land conveyances . . . ." *Id.; see also* 60 C.J.S. Motor Vehicles § 1 (1969) ("motor vehicle" is commonly applied to any form of self-propelled vehicle suitable for use on a street or roadway). North Carolina's motor vehicle statutes define a "motor vehicle" as "every vehicle which is self-propelled and every vehicle designed *to run upon the highways* which is pulled by a self-propelled vehicle," excluding mopeds. N.C.G.S. § 20-4.01(23) (1989). A "vehicle" is defined as "every device in, upon, or by which any person or property is or may be transported or drawn *upon a highway*, excepting devices moved by human power or used exclusively upon fixed rails or tracks . . . ," and including bicycles. N.C.G.S. § 20-4.01(49) (1989) (emphasis added).

Thus, the common, ordinary meaning as well as the statutory definition of the term "motor vehicle" contemplates suitability for highway use. As previously noted, a go-cart is not designed nor suitable for use on public highways, nor is a go-cart subject to our motor vehicle laws, including the requirement of registration. In fact, the term "go-cart" is not mentioned anywhere in our motor vehicle statutes. Accordingly, a go-cart is not a motor vehicle within the ordinary meaning of that term. Even accepting as true the assertion that some definitions or uses of the term "motor vehicle"

might include *any* self-propelled vehicle regardless of its suitability for highway use, this simply renders the term capable of more than one meaning. As previously discussed, words contained in an insurance policy which are capable of more than one meaning are ambiguous, in which case the policy must be construed in favor of the insured. Thus, under either analysis, the exclusion from coverage of injuries arising out of "motor vehicles" contained in the Hoyle's insurance policy does not operate to exclude coverage for the injuries arising out of the go-cart accident.

II

"Motorized Land Conveyance"

[2]   Plaintiff asserts that a go-cart is a "motorized land conveyance" within the plain meaning of that term. Moreover, according to plaintiff, since the exclusionary clause in the Hoyle's insurance policy expressly does not apply to injuries arising out of motorized land conveyances designed for recreational use off public roads, not subject to motor vehicle registration, and owned by an insured and used on an insured location, that the exclusion *does* apply to such motorized land conveyances that are owned by an insured and *not* used on an insured location. Defendants contend that the term "motorized land conveyance" is ambiguous, and that therefore the policy should be construed in favor of coverage.

According to the dictionary, the term "motorized" means "to equip (vehicles, machines, etc.) with a motor or motors." *Webster's*. A "motor" is defined as "anything that produces or imparts motion." *Id*. The term "conveyance" is defined as "a means of [taking from one place to another]; a carrying device, especially a vehicle." *Id*. Thus, a "motorized land conveyance" can be fairly said to describe anything equipped with something that produces motion which is used on land as a means of taking something or someone from one place to another. This term, therefore, is much broader than the term "motor vehicle," and unquestionably includes a go-cart. Moreover, the exclusionary clause in the Hoyle's policy expressly provides coverage for injuries arising out of the use of any motorized land conveyance that is designed for recreational use off public roads, is not subject to motor vehicle registration, and (a) is not owned by an insured; or (b) is owned by an insured and on an insured location. Thus, a reading of the clause in its entirety reveals that motorized land conveyances which do not meet the requirements of the foregoing exception to the exclusion remain within the general

exclusion for motorized land conveyances. Whether coverage is provided for the accident in the instant case depends solely on whether the go-cart falls within this exception.

We have already determined that a go-cart is a motorized land conveyance, and it is undisputed that a go-cart is designed for recreational use off public roads and is not subject to motor vehicle registration. The language of the Hoyle's policy provides that in order for injuries arising out of the use of such recreational motorized land conveyances which are owned by an insured to be covered, such use must be on an insured location. Because the accident involving the Hoyle's go-cart did not occur when the go-cart was being used on an insured location, the trial court erred in determining that the policy provided coverage.

For the foregoing reasons, the trial court's order granting summary judgment in favor of defendants is

Reversed.

Judges JOHNSON and COZORT concur.