NATIONWIDE MUTUAL INSURANCE COMPANY, PLAINTIFF v. GENE PREVATTE, WANDA PREVATTE, CYNTHIA JEAN PREVATTE, BY AND THROUGH HER GUARDIAN AD LITEM WANDA PREVATTE, JOHNNY SIMPSON AND SHIRLEY SIMPSON, DEFENDANTS

No. 9126SC1094

(Filed 1 December 1992)

**1. Insurance § 725 (NCI4th) — homeowner's insurance — ATV accident on nearby property — insured location**

Where homeowners had used nearby property owned by a neighbor for several years to ride their all-terrain vehicles (ATVs) and to take walks beginning and ending at their residence, the nearby property was "used in connection with" the homeowners' insured premises, and an ATV accident on the nearby property thus occurred on an "insured location" as defined by their homeowner's policy and was covered by the policy. The coverage provided by the policy is not limited to those locations in which the homeowners have some legal interest.

**Am Jur 2d, Insurance §§ 285, 727.**

**2. Insurance § 822 (NCI4th) — homeowner's insurance — ATV accident — use of ATV to service residence — motor vehicle exclusion inapplicable**

An ATV was a conveyance not subject to motor vehicle registration which was "used to service" the insureds' residence so that the motor vehicle exclusion in a homeowner's policy did not apply to an ATV accident where the insureds testified that their ATVs were used more than 50% of the time to haul trash, rocks and pine needles and to go down the half-mile driveway to the mailbox daily. The fact that the ATV was not being used to service the insureds' residence at the time of the accident did not bar recovery under the homeowner's policy.

**Am Jur 2d, Insurance §§ 285, 727.**

Appeal by plaintiff from order entered 29 July 1991 by Judge Robert E. Gaines, in Mecklenburg County Superior Court. Heard in the Court of Appeals 20 October 1992.

**NATIONWIDE MUTUAL INS. CO. v. PREVATTE**

[108 N.C. App. 152 (1992)]

*Rex C. Morgan for plaintiff-appellant.*

*Monnett, Caudle & Berry, by Charles G. Monnett III, for defendants-appellees Wanda Prevatte, Gene Prevatte and Cynthia Jean Prevatte.*

*Thomas D. Windsor for defendants-appellees Johnny Simpson and Shirley Simpson.*

JOHNSON, Judge.

On 26 November 1988, Cynthia Jean Prevatte was injured when thrown from a Honda All-Terrain Vehicle (ATV) owned by defendant Johnny Simpson. At the time of the accident, Miss Prevatte was a guest in the Simpson home. The Simpsons were insured by a policy of homeowner's insurance issued by plaintiff-Nationwide. Miss Prevatte was riding on a trail which began on the Simpson property and ended on the property owned by a neighbor at the time the accident occurred.

On 23 February 1990, Nationwide Mutual Insurance Company filed a complaint for declaratory judgment to determine whether the homeowner's policy issued to defendants Johnny and Shirley Simpson provides liability coverage for injuries sustained by Cynthia Prevatte in the previously mentioned accident. Defendants answered the complaint and all parties moved for summary judgment. Summary judgment was granted in favor of defendants. Plaintiff appeals.

[1] By its first assignment of error, plaintiff-insurer contends that the trial court committed reversible error in finding that the ATV accident occurred on an "insured location" as defined in the Nationwide Homeowner's Insurance Policy.

The liability coverage of the homeowner's policy at issue excludes coverage for bodily injury arising out of the ownership or use of motor vehicles and all other motorized land conveyances. The policy, however, provides an exception to the exclusion. The exclusion does not apply to:

(2) a motorized land conveyance designed for recreational use off public roads, not subject to motor vehicle registration and:

(a) not owned by an insured; or

(b) owned by an insured and on an insured location;

. . .

(4) a vehicle or conveyance not subject to motor vehicle registration which is:

(a) used to service an insured's residence[.]

The definitions section of the policy contains the following definition of insured location:

4. "insured location" means:

a. the residence premises;

b. the part of other premises, other structures and grounds used by you as a residence and:

(1) which is shown in the Declarations; or

(2) which is acquired by you during the policy period for your use as a residence;

c. any premises used by you in connection with a premises in 4a or 4b above; (Emphasis added.);

d. any part of a premises:

(1) not owned by an insured; and

(2) where an insured is temporarily residing;

e. vacant land, other than farm land, owned by or rented to an insured;

f. land owned by or rented to an insured on which a one- or two-family dwelling is being built as a residence for an insured;

g. individual or family cemetery plots or burial vaults of an insured; or

h. any part of a premises occasionally rented to an insured for other than business use.

Nationwide argues that the definition of "insured location" taken as a whole clearly suggests that the coverage provided by

**NATIONWIDE MUTUAL INS. CO. v. PREVATTE**

[108 N.C. App. 152 (1992)]

the policy in issue is limited to those locations in which the insured has some legal interest. We disagree, noting that this Court must enforce the terms of an insurance policy according to its express language, without rewriting the policy to provide coverage. *Fidelity Bankers Life Ins. Co. v. Dortch*, 318 N.C. 378, 348 S.E.2d 794 (1986). Section 4d of the Simpsons' homeowner's policy provides coverage for "any part of a premises: (1) Not owned by an insured; and (2) Where an insured is temporarily residing." This definition clearly affords coverage in locations where the insured may not have a legal interest.

Plaintiff's reliance on *Motorists Mutual Ins. Co. v. Kulp*, 688 F.Supp. 1033 (E.D. Pa.), *aff'd*, 866 F.2d 1413 (1988), is misplaced. In *Kulp*, a 10 year old was given permission by the owners/insureds of a homemade scooter equipped with a lawnmower engine (minibike) to ride it in a nearby field where their children commonly rode minibikes. While riding the scooter in the field, which was neither part of nor adjacent to the insureds' premises, the child was injured. The scooter in *Kulp* was not licensed for use on public roads, and there was no evidence that the scooter was ever used on public roads. The scooter was sometimes used on the insureds' premises; however, the neighboring field was where they most often rode it. The policy excluded coverage for injuries sustained off the insured location.

The *Kulp* Court denied coverage under the homeowner's policy based on the insureds' lack of a "reasonable expectation of coverage." The Court opined, "I find nothing unconscionable in the exclusion relied upon by the insurer in this case. Such clauses are not unusual in homeowner's policies in Pennsylvania. I know of no case law to support defendants' position that an issuer of a homeowner's policy has an absolute obligation to provide coverage for the use of a motorized bike off the insured premises." *Id.* at 1038.

Plaintiff-Nationwide, however, fails to acknowledge that in *Kulp*, no definition of "insured location" was set forth. The policy in that case excluded coverage for bodily injury "arising out of the ownership, maintenance or use of a motor vehicle owned by any insured." The policy defined "motor vehicle" as a motorized land vehicle owned by any insured and designed for recreational use off public roads, while off an insured location. *Id.* at 1035.

The Court found that the motorized scooter was a motorized vehicle and thereby excluded coverage under the terms of the

policy. The defendants in *Kulp* argued that the exclusion in the case should not be enforced because the Kulps had a reasonable expectation of coverage.

The Court responded, without addressing the issue of "insured location," that "[t]he general rule in Pennsylvania is that 'where ... the policy limitation relied upon by the insurer to deny coverage is clearly worded and conspicuously displayed, the insured may not avoid the consequences of that limitation by proof that he failed to read the limitation or that he did not understand it.' " *Id.* at 1038.

In the case *sub judice*, the plain unambiguous language of the policy governs. Paragraph 4c of the policy defines insured location as "any premises used by you in connection with a premises in 4a [the residence premises] or 4b [the part of the premises used by you as a resident] above."

During Shirley Simpson's deposition, she testified that her children regularly rode the ATV's on the property where the accident occurred and that the family used the trail for walking. Ms. Simpson indicated that they had been walking and riding on the property for several years. Each walk or ride began and ended on the Simpson residence. We, therefore, conclude that the location where the accident occurred was an insured location as defined by the policy because it was used in connection with the Simpson residence.

We are unwilling to rewrite the insurance policy at issue to restrict coverage to locations where the insureds have a legal interest. The facts of the case *sub judice* fall squarely within the exception enumerated in 4c which allows coverage under the policy. We also note that plaintiff-insurer, who drafted the policy, had the opportunity to restrict the definition of insured location to include only those locations in which the insureds had a legal interest, by expressly providing so in the policy. Plaintiff-insurer failed to include such a provision. Absent such a clause of restriction, coverage should not be denied under the facts of this case.

Plaintiff also cites *Safeco Ins. Co. v. Brimie*, 163 Ill. App. 3d 200, 516 N.E.2d 577 (1987) to support its assertion that liability and coverage extends only to "reasonable geographic limits." Plaintiff's reliance on this case is also misplaced. In *Safeco*, the policy defined "insured location" to include *adjacent* property used in

**NATIONWIDE MUTUAL INS. CO. v. PREVATTE**

[108 N.C. App. 152 (1992)]

connection with the residence premises. The policy in the case at bar contained no such limitation.

In a memorandum of additional authority, plaintiff cites *State Automobile Mutual Ins. Co. v. Hoyle*, 106 N.C. App. 199, 415 S.E.2d 764, *disc. review denied*, 331 N.C. 557, 417 S.E.2d 803 (1992). The instant case, however, is distinguishable from *Hoyle* on its facts. In *Hoyle*, it was undisputed that the go-cart was owned by the insured and that the accident occurred on a public street, which was not an insured location. In the case at bar, the issue is whether the accident occurred on an insured location. *Hoyle* is not dispositive, as it merely stands for the proposition that a public street is not an insured location. Miss Prevatte's accident occurred on a neighbor's property which was used in connection with the Simpson's residence; therefore, coverage should be allowed.

[2] Although defendant is allowed coverage under section 4c of the homeowner's policy, we nonetheless address plaintiff's second assignment of error. Plaintiff next argues that the trial court erred in concluding that the ATV on which Cynthia Prevatte was riding was used to service the Simpson's residence. We disagree.

The Nationwide policy provided that the exclusion for injuries caused by a motorized vehicle does not apply to:

(4) a vehicle or conveyance not subject to motor vehicle registration which is:

(a) used to service an insured's residence.

The term service is not defined in the policy; therefore, its ordinary meaning governs. "Service" is defined as "to repair or provide maintenance for." The Merriam-Webster Dictionary (3d ed. 1968).

Shirley and Johnny Simpson testified that both ATV's were used more than 50% of the time to perform chores and maintenance around their home. The ATV's were used to haul trash, rocks and pine needles, and to go down the one-half mile driveway to the mailbox daily. Nationwide offered no testimony or affidavits in opposition to the Simpson testimony.

Plaintiffs argue that at the time of the accident, the ATV Cynthia Prevatte was riding was not being used to service the insureds' residence. We agree, but note that such an acknowledgment does not bar recovery in the instant case. The policy at

issue provides that the ATV be used to service the insured's residence, *not* that the ATV be used to service the insured's residence at the time of the accident. Plaintiff-insurer also had the opportunity to add this restriction to the policy. It chose not to. Accordingly, the plain unambiguous language of the policy controls, and coverage is thereby afforded.

Nationwide's third assignment of error charges that summary judgment was improvidently granted. This assignment is overruled.

The decision of the trial court is

Affirmed.

Judges COZORT and LEWIS concur.