NATIONWIDE MUTUAL FIRE INSURANCE COMPANY v. IRVIN L. NUNN, GERALDINE NUNN, HALLIE W. NUNN, AND VALI L. McKNIGHT v. JIM CRISP D/B/A JIM CRISP INSURANCE AGENCY

No. 9315SC831

(Filed 3 May 1994)

**Insurance § 724 (NCI4th) — homeowners insurance — business exclusion provision applicable — patron bitten by dog — injury in connection with business**

The business exclusion provision in defendants' homeowners insurance policy prevented them from recovering for liability incurred while operating a business on their insured premises, since defendants who operated a bed and breakfast and held banquets and receptions on their farm were engaged in a business; a patron's injuries suffered when she was bitten by a dog while attending a wedding reception at the premises did not "arise out of" the business operation, as the injuries could have arisen out of negligent supervision of the dog, an act which was in no way linked to the business; but the

NATIONWIDE MUTUAL FIRE INS. CO. v. NUNN

[114 N.C. App. 604 (1994)]

injuries did occur in connection with the business, as the injured party's very presence on the premises was in connection with the business.

**Am Jur 2d, Insurance §§ 475 et seq.**

**Construction and application of "business pursuits" exclusion provision in general liability policy. 48 ALR3d 1096.**

**Personal injuries inflicted by animal as within homeowner's or personal liability policy. 96 ALR3d 891.**

**Liability of owner or operator of business premises for injury to patron by dog or cat. 67 ALR4th 976.**

Appeal by defendants from summary judgment entered 4 May 1993 by Judge Knox Jenkins in Chatham County Superior Court. Heard in the Court of Appeals 19 April 1994.

*Morgan & Reeves, by Robert B. Morgan and Margaret Morgan, for plaintiff-appellee.*

*J. Kirk Osborn for defendants-appellants.*

WYNN, Judge.

This case presents the question of whether the business exclusion provision in their homeowners insurance policy prevents appellants from recovering for liability incurred while operating a business on their insured premises.

In the fall of 1986, defendants-appellants Geraldine Nunn, her husband, Irvin L. Nunn, and his mother, Hallie W. Nunn, moved to an estate known as Windy Oaks Farm, in Chatham County, North Carolina. They purchased homeowners insurance for the house from plaintiff Nationwide Mutual Fire Insurance Company. In May of 1987, while living in part of the house, the Nunns began operating a bed and breakfast establishment, the Windy Oaks Inn, in another wing of the house. They also began hosting receptions and dinners there. They have continuously operated the Windy Oaks Inn as a bed and breakfast establishment and reception site since 1987.

On 6 May 1990, the Nunns hosted a wedding reception at the Windy Oaks Inn. Although the reception ended at 7:00 p.m., approximately ten people remained and requested permission to stay on the premises longer. Geraldine Nunn gave them permis-

sion to stay. At approximately 10:00 p.m., she asked these remaining guests to leave. One of these guests, Vali McKnight, was bitten by a dog as she left the premises. Geraldine Nunn testified that she had been temporarily keeping the dog, which belonged to her brother. Nunn, a registered nurse, immediately tended to Ms. McKnight. She then obtained further medical assistance for Ms. McKnight and permitted the other guests, who were too inebriated to drive, to stay on the premises for the night. McKnight sued the Nunns for injuries sustained from the dog bite. On 27 August 1992, plaintiff Nationwide initiated this action seeking declaratory judgment that, due to a business use exclusion provision in the Nunns' homeowners policy, Nationwide has no obligation to defend the suit and no liability for any judgment rendered in it.

The insurance policy provides general coverage for liability arising from accidents occurring on the premises. However, the policy contains the following exclusion provision for liability arising out of or in connection with a business engaged in by the Nunns:

> Coverage E—Personal Liability and Coverage F—Medical Payments to Others do not apply to bodily injury or property damage:
>
> . . . .
>
> b. (1) arising out of or in connection with a business engaged in by an insured. This exclusion applies but is not limited to an act or omission, regardless of its nature or circumstance, involving a service or duty rendered, promised, owed, or implied to be provided because of the nature of the business.

We initially consider whether the Nunns were engaged in a business. The insurance policy sets out the following definition: " 'Business' includes trade, profession or occupation." The facts indicate that the Nunns had regularly rented out rooms and held banquets and receptions on the premises for some two years before the dog bite incident. Geraldine Nunn testified that they held ten receptions there in 1989 and twelve in 1990. The 6 May 1990 reception itself was a commercial event. The Nunns did not personally know the reception participants, and they were financially compensated for providing the site, food, and service. We conclude that, under the terms of the policy, giving receptions was a business engaged in by the Nunns.

NATIONWIDE MUTUAL FIRE INS. CO. v. NUNN

[114 N.C. App. 604 (1994)]

The next question is whether McKnight's injuries "arose out of" or were "in connection with" this business. The meaning of specific language used in an insurance policy is a question of law for the court. *Wachovia Bank & Trust Co. v. Westchester Fire Ins. Co.*, 276 N.C. 348, 172 S.E.2d 518 (1970). We first address the phrase "arising out of." Our Supreme Court interpreted this phrase in *State Capital Ins. Co. v. Nationwide Mut. Ins. Co.*, 318 N.C. 534, 350 S.E.2d 66 (1986). In that case, defendant Anderson was standing talking to some fellow deer hunters when he saw a deer. He ran to his truck and reached behind the seat to get a rifle he had stored there. As he touched the stock of the rifle, it fired, and a bullet struck his companion, McKinnon. A claim was made under Anderson's homeowners liability policy, which excluded coverage for injury "arising out of the ownership, maintenance, use, loading or unloading" of a motor vehicle. *Id.* at 537, 350 S.E.2d at 68. The Court relied on the two following legal principles. First, ambiguous terms of an exclusion provision are to be construed against the insurer. *Id.* at 547, 350 S.E.2d at 73; *Wachovia Bank & Trust Co. v. Westchester Fire Insurance Co.*, 276 N.C. 348, 172 S.E.2d 518 (1970). The Court found that the phrase "arising out of" is ambiguous. *State Capital*, 318 N.C. at 547, 350 S.E.2d at 73-4. Second, coverage will not be denied where there is more than one cause of an injury and only one of the causes is excluded. That is, in order to exclude coverage under the policy, "the sources of liability which are excluded from homeowners policy coverage must be the sole cause of the injury." *Id.* at 546, 350 S.E.2d at 73. In *State Capital*, this principle meant that coverage would not be excluded if there was a proximate cause of the injury that did not "arise out of" the use or unloading of the automobile. Because the Court found that the injuries could have arisen out of Anderson's mishandling of the rifle, it concluded that coverage should not be denied under the exclusion provision.

Here, although McKnight's claim may have arisen out of the Nunns' business operation, the injury could also have arisen out of negligent supervision of the dog, which has not been linked in any way to the business. Because this additional proximate cause exists, coverage is not excluded under the "arising out of" clause.

Next, we look at the phrase "in connection with." This phrase has been held to have a much broader meaning than "arising out of." *See, e.g., Cameron Mut. Ins. Co. v. Skidmore*, 633 S.W.2d 752 (Mo. App. 1982). In *Skidmore*, the insured burned some old

fertilizer sacks on his farm and the fire spread to a neighbor's adjoining property, damaging a building and fixtures. The insured's personal liability policy contained an exclusion for "any act or omission in connection with premises, other than as defined, which are owned, rented or controlled by an insured." *Id.* at 753. The court excluded coverage, reasoning:

> In the manner that the words are ordinarily used [the insured's] acts were "in connection with" the farm. [The insured] was there to check the crop because of his ownership interest in the farm. The sacks were brought to the property and emptied there because their contents were used on the farm. They were burned on the farm.

*Id.*

In *Jackson v. Lajaunie*, 270 So.2d 859 (La. 1972), a gas station operator fired a pistol at a customer as a prank, mistakenly believing the gun to be loaded with blanks. He was sued under the personal liability section of his homeowners policy, which contained a provision that coverage did not apply "to any act or omission in connection with the premises, other than [the home] which are owned, rented or controlled by [the station operator]." *Id.* at 863. The court denied coverage, holding that the act was "in connection with" the station because it happened at the station and the parties and the gun were present because of the station. The court held, "This tragic prank was linked to the station, associated with the station, related to the station and, in the absence of a new and restrictive definition of an old and well understood word, connected with the station." *Id.* at 864.

The only North Carolina case interpreting "in connection with" is *Nationwide Mut. Ins. Co. v. Prevatte*, 108 N.C. App. 152, 423 S.E.2d 90 (1992), *disc. rev. denied*, 333 N.C. 463, 428 S.E.2d 184 (1993). There, the insurance policy defined the insured location as "any premises used by you in connection with [the residence premises] or [the part of the premises used by you as a resident.]" *Id.* at 156, 423 S.E.2d at 91. We held that property was used "in connection with" the residence property where the insureds had walked and ridden their all-terrain vehicle over it, ending each walk or ride on the residence property.

The "in connection with" provision in *Prevatte* was found to be plain and unambiguous. *Id.* at 156, 423 S.E.2d at 92. Similarly,

in interpreting "in connection with" here, we find that the phrase is unambiguous. Where language is plain and unambiguous, we will enforce a contract according to its terms. *Walsh v. United Ins. Co. of America*, 265 N.C. 634, 144 S.E.2d 817 (1965).

As noted in the discussion of "arising out of," coverage will not be excluded if the excluded cause is but one of several proximate causes of injury. Thus, we must inquire whether there was a proximate cause of the injury that was not "in connection with" the business. Although the reception for which McKnight had originally entered the premises ended several hours before the dog bite incident, she cannot be considered a mere private guest of the Nunns, as they suggest. Rather, McKnight's presence on their premises was linked, associated with, and connected to the reception provided in the course of the Nunns' business. Indeed, but for the reception, McKnight would not have been on the premises and the tort claim would not have arisen. We conclude that, given the broad definition of "in connection with," all of the possible proximate causes of McKnight's injury were in connection with the Nunns' business because McKnight's very presence on the premises was in connection with the business.

This case illustrates the purpose of business use exclusions in homeowners insurance policies. When homeowners change the use of their premises from residential to commercial, they incur a significant increase in the risk of tort claims due to the increased public traffic on the premises. The insurer which issued their homeowners policy should not be expected to underwrite those additional risks without additional consideration. Nor should the company's other premium payers be expected to shoulder the added burden. Rather, the insured should seek an appropriate type of coverage. When the Nunns began operating a commercial establishment, it was their responsibility to purchase adequate insurance for it. We decline to charge their failure to do so to an insurer which specifically contracted to limit its liability.

Affirmed.

Judges EAGLES and LEWIS concur.