NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, PLAINTIFF v. CHRISTOPHER T. GRADY, AND JOHN VAN B. METTS, DEFENDANTS

No. COA97-883

(Filed 21 July 1998)

1. **Insurance— coverage—assault and battery—walking down hallway**

There was a genuine issue of fact in a declaratory judgment action to determine insurance coverage arising from a civil assault and battery claim in which defendant Grady contended that defendant Metts struck him while walking down a hallway. The complaint and facts disclosed during discovery tend to create an issue as to whether the incident occurred due to some inadvertence or jocular bumping without the requisite intent to cause bodily harm.

## 2. Insurance— coverage—business pursuits exclusion

The trial court correctly granted summary judgment for plaintiff Nationwide in a declaratory judgment action to determine whether Nationwide has a duty to defend Grady in an underlying civil assault action arising from a bumping in a hallway. At the time of the incident, defendant Grady had a homeowner's insurance policy with a "business pursuits" exclusion and all of the proximate causes of the injury were because of defendant Grady's business pursuits. But for his job with the Revenue Department, defendants Grady and Metts would not have been on the premises and the tort claim would not have arisen.

Appeal by defendant Grady from judgment entered 2 May 1997 by Judge Narley L. Cashwell in Wake County Superior Court. Heard in the Court of Appeals 17 March 1998.

*Bailey & Dixon, L.L.P., by David S. Coats, for plaintiff-appellee.*

*Thompson & Smyth, L.L.P., by Theodore B. Smyth, for defendant-appellant Christopher T. Grady.*

*No brief filed by defendant-appellee John Van B. Metts.*

TIMMONS-GOODSON, Judge.

Plaintiff Nationwide Mutual Fire Insurance Company filed this declaratory judgment action on 30 August 1996 in Wake County Superior Court. Nationwide filed this action in response to an underlying tort action filed in 1994 in New Hanover County Superior Court, wherein defendant John Van B. Metts, an employee of the North Carolina Department of Revenue, alleged that his immediate supervisor, defendant Christopher T. Grady, committed an "intentional assault and battery" when Grady struck him while walking down a hallway.

At the time of the alleged assault and battery, defendant Grady had in effect a homeowner's insurance policy with Nationwide Mutual Fire Insurance Company. After depositions had been taken in the underlying tort action, Nationwide filed this action seeking a declaration that it does not have a duty to defend or indemnify defendant Grady in the underlying tort action.

Defendant Metts was served with summons and a copy of Nationwide's complaint, but did not answer. Nationwide moved for summary judgment, and this motion came on for hearing before Judge Narley L. Cashwell during the 28 April 1997 civil session of Wake County Superior Court. By judgment entered 2 May 1997, Judge Cashwell granted Nationwide's motion for summary judgment. Defendant Grady appeals.

Defendant Grady brings forth but one assignment of error on appeal by which he argues that the trial court erred in granting Nationwide's motion for summary judgment, since there was genuine issue of material fact as to whether Nationwide has a duty to defend Grady in the underlying tort action. For the reasons discussed herein, we disagree, and therefore, affirm the judgment of the trial court.

A party seeking a declaratory judgment may properly be granted summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C.R. Civ. P. 56; *Boyce v. Mead*, 71 N.C. App. 592, 593, 322 S.E.2d 605, 606 (1984). The construction and application of Nationwide's policy provisions to the facts herein is a question of law, properly committed to the province of the trial judge for a summary judgment determination. *Walsh v. National Indemnity Co.*, 80 N.C. App. 643, 647, 343 S.E.2d 430, 432 (1986).

An insurance company has a duty to defend its insured against suit, although the suit is groundless, if viewing the facts as alleged in the complaint and taking them as true, liability may be imposed upon the insured within the coverage of the insurance policy in question. *Waste Management of Carolinas Inc. Co. v. Peerless Ins. Co.*, 315 N.C. 688, 340 S.E.2d 374, *reh'g denied*, 316 N.C. 386, 346 S.E.2d 134 (1986). If "the pleadings allege facts indicating that the event in question is not covered, and the insurer has no knowledge that the facts are otherwise, then it is not bound to defend." *Id.* at 691, 340 S.E.2d at 377. However, "[w]here the insurer knows or could reasonably ascertain facts that, if proven, would be covered by its policy, the duty to defend is not dismissed [merely] because the facts alleged in [the] . . . complaint appear to be outside coverage, or within a policy exception to coverage." *Id.* (citing 7C J. Appleman, *Insurance Law and Practice* § 4683).

At all times pertinent, Grady had in effect a Nationwide Homeowner's Policy which provided coverage as follows:

NATIONWIDE MUT. FIRE INS. CO. v. GRADY

[130 N.C. App. 292 (1998)]

If a claim is made or a suit is brought against an **insured** for damages because of **bodily injury** or **property damage** caused by an **occurrence** to which this coverage applies, we will:

1. Pay up to our limit of liability for the damages for which the **insured** is legally liable; and

2. Provide a defense at our expense by counsel of our choice, even if the suit is groundless, false or fraudulent. We may investigate and settle any claim or suit that we decide is appropriate. Our duty to settle or defend ends when the amount we pay for damages resulting for the occurrence equal our limit of liability.

"Occurrence" is defined by the policy to mean "an accident, including exposure to conditions, which results, during the policy period, in (a) property damage." The policy also contains the following intentional act exclusion:

1. Coverage E—Personal Liability—and Coverage F—Medical Payments to Others—do not apply to bodily injury or property damage:

    a. which is expected or intended by the **insured**;

    b. arising out of **business** pursuits of an **insured** . . . .

We note at the outset that "[w]hen the language used is clear and unambiguous, a policy provision will be accorded its plain meaning." *N.C. Farm Bureau Mut. Ins. Co. v. Briley*, 127 N.C. App. 442, 445, 491 S.E.2d 656, 658 (1997) (citing *Walsh v. Insurance Co.*, 265 N.C. 634, 639, 144 S.E.2d 817, 820 (1965)). However, when the language of the policy is subject to more than one interpretation, a policy provision should be liberally construed so as to afford coverage whenever possible by reasonable construction. *Id.* (citing *State Capital Ins. Co. v. Nationwide Mutual Ins. Co.*, 318 N.C. 534, 538, 350 S.E.2d 66, 68 (1986)). While provisions extending coverage will be construed broadly to find coverage, provisions excluding coverage are not favored and will be strictly construed against the insurer and in favor of the insured, again, to find coverage. *N.C. Farm Bureau Mut. Ins. Co. v. Stox*, 330 N.C. 697, 702, 412 S.E.2d 318, 321 (1992); *see also Herndon v. Barrett*, 101 N.C. App. 636, 400 S.E.2d 767 (1991).

[1] Looking first at the "expected and intended" exclusion, we note that in order for Grady's act to be excluded under the "expected and intended" exclusion of Nationwide's policy, both the act and the

resultant harm must have been intended. *Stox*, 330 N.C. at 703-04, 412 S.E.2d at 322. The four corners of Metts' complaint in the underlying tort action allege that Grady "intentionally struck [him] with his hip and right elbow in the area of [his] right lower back . . . causing . . . [him] great pain and [injury]," and that Grady's actions were "willful, wanton and malicious."

The evidence adduced by discovery, however, is equivocal in regard to the intent of Grady. Travis M. Wells, David McColl, and Eric Wayne, were deposed and testified that they witnessed the 13 July 1993 incident between Grady and Metts. These witnesses were all of the opinion that the incident was due to inadvertence, or if intentional, done as a joke of some type. Significantly, they noted that Grady was carrying a sheaf of papers, and may have been looking at them while negotiating the hallway. Moreover, all of the witnesses indicated that Grady apologized for the contact, and then continued down the hallway after the incident. Upon impact, Metts did not indicate any pain, but later indicated that Grady "must have bumped me harder than I thought because I'm getting a headache." Approximately four or five days after the 13 July 1993 incident, Grady began to complain of lower back pain, and subsequently, went to see a doctor about his complaints.

From these facts, we simply cannot say that as a matter of law, Grady expected or intended the bodily injury allegedly suffered by Metts. Even if the conduct herein may have been alleged to be "intentional" and "willful, wanton and malicious" in the body of the complaint, the complaint and facts disclosed during discovery tend to create genuine issue of fact as to whether the incident occurred due to some inadvertence, or jocular bumping, without the requisite intent to cause bodily harm.

[2] This conclusion, however, is not dispositive of whether Nationwide has a duty to defend Grady in the underlying tort action. We must also look to the "business pursuits" exclusion, which provides that the homeowner's policy will not apply to bodily injury "arising out of or in connection with a business engaged in by an insured." The policy further notes, "[t]his exclusion applies but is not limited to an act or omission, regardless of its nature or circumstance, involving a service or duty rendered, promised, owed, or implied to be provided because of the nature of the business." "Business" is defined in the policy to include "trade, profession, or occupation." The phrases "arising out of" and "in connection with" are not defined and, thus, we must give these phrases their ordinary

meanings. *Durham City Bd. of Education v. National Union Fire Ins. Co.*, 109 N.C. App. 152, 156, 426 S.E.2d 451, 453 (1993) (quoting *Wachovia Bank & Trust Co. v. Westchester Fire Ins. Co.*, 276 N.C. 348, 354, 172 S.E.2d 518, 522 (1970)).

This Court analyzed the meaning of "arising out of" and "in connection with" in *Nationwide Mutual Fire Ins. Co. v. Nunn*, 114 N.C. App. 604, 442 S.E.2d 340 (1994). Therein, the Court referred to *State Capital Ins. Co. v. Nationwide Mut. Ins. Co.*, 318 N.C. 534, 350 S.E.2d 66 (1986). In *State Capital*, the Court found the phrase "arising out of" to be ambiguous. 318 N.C. at 547, 350 S.E.2d at 73-74. Moreover, the Court in *Nunn* noted that "in order to exclude coverage under the policy, 'the sources of liability which are excluded from homeowners policy coverage must be the sole cause of the injury.' " 114 N.C. App. at 607, 442 S.E.2d at 343 (quoting *State Capital*, 318 N.C. at 546, 350 S.E.2d at 73). In *Nunn*, because the defendant's claim may have arisen out of the insured's business operation or the negligent supervision of insured's dog, which was not linked in any way to the business, the Court determined that coverage was not excluded under the "arising out of" clause. *Id.*

The Court went on the examine the phrase "in connection with," determining that the phase has a "much broader meaning" than the phrase "arising out of." *Id.* The phrase was found to be plain and unambiguous. *Id.* at 608, 442 S.E.2d at 343 (citing *Nationwide Mut. Ins. Co. v. Prevatte*, 108 N.C. App. 152, 423 S.E.2d 90 (1992), *disc. review denied*, 333 N.C. 463, 428 S.E.2d 184 (1993)). As such, the Court concluded that "given the broad definition of 'in connection with,' all of the possible proximate causes of [the defendant's] injury were in connection with the [insured's] business because [the defendant's] very presence on the premises was in connection with the business." *Id.* at 609, 442 S.E.2d at 344.

Herein, we hold similarly, because while there may be some proximate causes of the 13 July 1993 incident that may not have "arisen out of" Grady's employment as an auditor with the North Carolina Department of Revenue, all of these proximate causes of Metts' injury were because of Grady's business pursuits. Indeed, but for his job with the Revenue Department, Grady and Metts would not have been on the premises of the Revenue Department and the tort claim would not have arisen. Grady's argument to the contrary fails.

In conclusion, because the 13 July 1993 incident falls within the "business pursuits" exclusion of the Nationwide policy, Nationwide

has no duty to defend Grady in the underlying tort action. Accordingly, we affirm the judgment of the trial court.

Affirm.

Judges GREENE and WALKER concur.