ALLEN WAYNE SEYMOUR, JR., Plaintiff-Appellee v. LENOIR COUNTY, SANDY BOTTOM VOLUNTEER FIRE DEPARTMENT, INC., and JAMES GOFF, JR., Individually and as an Agent of SANDY BOTTOM VOLUNTEER FIRE DEPARTMENT, INC., Defendant-Appellants

No. COA01-972

(Filed 20 August 2002)

### 1. Immunity— sovereign—insurance purchased—intentional acts excluded—no waiver

Defendant volunteer fire department did not waive its sovereign immunity through the purchase of insurance where plaintiff-fireman was injured when he was ordered into a burning building during a training exercise and brought a *Woodson* claim which alleged intentional acts substantially certain to cause injury or death which were not covered by defendant's insurance.

**2. Workers' Compensation— exclusivity—volunteer fire department instructor—co-employee**

A volunteer fireman's claim against an instructor was not barred by the exclusivity provision of the Workers' Compensation Act where plaintiff brought a *Pleasant* claim by alleging that the instructor was willful and wanton in ordering him into a burning building during a training exercise, but the instructor contended that he was an officer in the corporation and that the stricter *Woodson* standard applied. The instructor was more plaintiff's co-employee than employer.

**3. Immunity— public official—position not created by statute or constitution**

An instructor of volunteer firemen was not a public official entitled to personal immunity where his position was not statutorily or constitutionally created.

Appeal by defendants from an order entered 12 April 2001 by Judge Benjamin G. Alford in Superior Court, Lenoir County. Heard in the Court of Appeals 24 April 2002.

*Davis & McCabe, P.A., by John M. McCabe; and Timothy D. Welborn, P.A., by Timothy D. Welborn, for plaintiff-appellee.*

*Cranfill, Sumner & Hartzog, L.L.P., by Edward C. LeCarpentier III, for defendant-appellants.*

McGEE, Judge.

Allen Wayne Seymour, Jr. (plaintiff) filed suit on 11 May 2000 against Lenoir County, Sandy Bottom Volunteer Fire Department, Inc. (defendant Fire Department), and James Goff, Jr. (defendant Goff). Plaintiff's claims arose from events which occurred on 19 May 1997, when plaintiff was employed as a volunteer firefighter with defendant Fire Department. Defendant Fire Department conducted a training exercise in which it set a house on fire. Selected members of defendant Fire Department, including plaintiff, were instructed to enter the house and conduct a search and rescue operation. When plaintiff entered the house, he was engulfed by flames and suffered severe burns and pulmonary injuries. Defendant Goff was the instructor in charge of the exercise on behalf of defendant Fire Department.

Defendant Goff and defendant Fire Department filed a motion to dismiss for lack of subject matter jurisdiction pursuant to N.C. Gen.

Stat. § 1A-1, Rule 12(b)(1) on 8 February 2001. Defendant Lenoir County did not join in this motion. Defendant Fire Department and defendant Goff argued that the exclusivity provision of the Workers' Compensation Act and the doctrine of sovereign immunity precluded plaintiff's claims. The motion was heard on 19 February 2001 and denied by the trial court in an order entered 12 April 2001. Defendant Fire Department and defendant Goff appeal from this order.

## I.

[1] Defendant Fire Department first argues the trial court erred in denying its motion to dismiss because defendant Fire Department is immune from liability under the doctrine of sovereign immunity. Defendant Fire Department contends sovereign immunity precludes plaintiff's claims because defendant Fire Department has not waived its immunity by purchasing liability insurance that provides coverage for intentional misconduct which defendant knew was substantially certain to cause serious injury or death.

Accidents which occur in the course and scope of employment are generally subject to the exclusivity provision of the North Carolina Workers' Compensation Act. *See* N.C. Gen. Stat. § 97-9 and N.C. Gen. Stat. § 97-10.1 (1999). However, our Courts have created two notable exceptions to this general rule. A plaintiff may bring either a *Pleasant* claim or a *Woodson* claim for intentional acts by the employer or by a co-employee which result in injury. *See Pleasant v. Johnson*, 312 N.C. 710, 325 S.E.2d 244 (1985); and *Woodson v. Rowland*, 329 N.C. 330, 407 S.E.2d 222 (1991). We note that plaintiff's claim against defendant Fire Department is a *Woodson* claim. Under a *Woodson* claim, a plaintiff can bring a civil suit against an employer based on intentional acts where "an employer intentionally engages in misconduct knowing it is substantially certain to cause serious injury or death to employees and an employee is injured or killed by that misconduct[.]" *Woodson*, 329 N.C. at 340, 407 S.E.2d at 228.

In general, "[w]hile provisions extending coverage will be construed broadly to find coverage, provisions excluding coverage are not favored and will be strictly construed against the insurer and in favor of the insured, again, to find coverage." *Nationwide Mut. Fire Ins. Co. v. Grady*, 130 N.C. App. 292, 295, 502 S.E.2d 648, 651 (1998). Defendant Fire Department admits its insurance policies cover injuries which arise out of accidents; however, defendant Fire Department contends that plaintiff alleges injuries which occurred as a result of an *intentional act* which defendant Fire Department knew

"would be substantially certain to cause Plaintiff serious injury or death." Defendant Fire Department points to an exclusionary provision in two of defendant Fire Department's insurance policies which bars claims based on intended actions. The first policy has an exclusion which provides:

2. Exclusions

This insurance does not apply to:

a. Expected or Intended Injury

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured.

A second insurance policy owned by defendant Fire Department states the policy will cover "bodily injury or property damage which . . . is caused by an occurrence." The policy defines occurrence as "an accident . . . which results in bodily injury or property damage which is neither expected nor intended from the standpoint of the insured." Both policies contain essentially the same exclusion.

Plaintiff contends that in order for an "act to be excluded under the 'expected and intended' exclusion [of an insurance policy], both the act and the resultant harm must have been intended." *Nationwide*, 130 N.C. App. at 295-96, 502 S.E.2d at 651. Plaintiff further contends that while defendant Goff's "act" of ordering plaintiff into the burning house was intended, there is no evidence which shows defendant Goff or anyone connected with defendant Fire Department intentionally injured plaintiff. Our Supreme Court has held that "in order to avoid coverage on the basis of the exclusion for expected or intended injuries in the insurance policy . . . the insurer must prove that the injury itself was expected or intended by the insured. Merely showing the act was intentional will not suffice." *N.C. Farm Bureau Mut. Ins. Co. v. Stox*, 330 N.C. 697, 706, 412 S.E.2d 318, 324 (1992). However, our Supreme Court continued that

where the term "accident" is not specifically defined in an insurance policy, that term *does* include injury resulting from an intentional act, if the injury is not intentional *or substantially certain to be the result of the intentional act.*

*N.C. Farm Bureau Mut. Ins. Co. v. Stox*, 330 N.C. 697, 709, 412 S.E.2d 318, 325 (1992) (second emphasis added). Thus, although it is possible for injury from an intentional act to be within the definition of an accident, that is not the situation where the injury is "substantially

certain to be the result of the intentional act." *Id.* Because plaintiff alleged that defendant Fire Department engaged in intentional acts which were "substantially certain to cause Plaintiff serious injury or death," these acts do not meet the definition of an "accident." Thus, we conclude plaintiff did not allege injuries by accident or as a result of an occurrence and the insurance policies at issue do not provide coverage for plaintiff's claim. Consequently, defendant Fire Department has not waived its sovereign immunity. We reverse the trial court's denial of defendant Fire Department's motion to dismiss for lack of subject matter jurisdiction.

II.

[2] Defendant Goff argues the trial court erred in denying his motion to dismiss because plaintiff's claims against him are barred by the exclusivity provision of the North Carolina Workers' Compensation Act. As discussed above, our Courts have created two exceptions to the exclusivity provision of the Workers' Compensation Act. A *Pleasant* claim may be brought against co-employees and will cover intentional acts which are willful or wantonly negligent. A *Woodson* claim may be brought against employers but carries a stricter standard of intentional acts which the employer knew or should have known would cause serious injury or death. Plaintiff has elected to bring a *Pleasant* claim against defendant Goff. Plaintiff alleges defendant Goff's actions were willful and wanton. The "Workers' Compensation Act does not shield a co-employee from common law liability for willful, wanton and reckless negligence." *Pleasant,* 312 N.C. at 716, 325 S.E.2d at 249. However, defendant Goff contends he is an officer of a corporation and not a "co-employee" of plaintiff, and therefore subject to the stricter standard articulated in *Woodson.* Since plaintiff has alleged only willful and wanton behavior, defendant Goff contends plaintiff's claim is barred by the exclusivity provision of the Workers' Compensation Act. We disagree.

In *Woodson,* our Supreme Court held that when corporate employers could not be held liable, neither could their corporate officers and directors because "in the workers' compensation context, corporate officers and directors are treated the same as their corporate employer vis-a-vis application of the exclusivity principle." *Woodson,* 329 N.C. at 347, 407 S.E.2d at 232. As a result, in order for a corporate officer to be held liable, the officer must have engaged in intentional misconduct which the officer knew was substantially certain to cause serious injury or death. Defendant Goff contends plaintiff has only asserted that defendant Goff was willfully and wantonly

negligent; therefore, plaintiff has not met the *Woodson* standard. However, we fail to see how defendant Goff holds a position in the Sandy Bottom Volunteer Fire Department, Inc. which would equate to a corporate officer position of shareholder, president, vice-president, or secretary. Similar to the defendant in *Pleasant*, defendant Goff is more of a co-employee of plaintiff than an employer of plaintiff. We hold defendant Goff should be held to the same standard as a co-employee. As a result, under *Pleasant*, plaintiff can bring a civil action against defendant Goff as a co-employee by alleging willful and wantonly negligent behavior while also maintaining an action under the Workers' Compensation Act.

[3] Defendant Goff also seeks to escape liability by claiming to be a public official and, under *Jones v. Kearns*, 120 N.C. App. 301, 462 S.E.2d 245 (1995), immune from personal liability for mere negligence in the performance of his duties. However, in order to be considered a public official, the position must have been statutorily or constitutionally created. *See Block v. County of Person*, 141 N.C. App. 273, 540 S.E.2d 415 (2000). Defendant Goff has pointed this Court to no statute or constitutional provision creating the position he filled. We overrule this assignment of error, and we affirm the trial court's denial of defendant Goff's motion to dismiss.

Affirmed in part and reversed in part.

Judges WALKER and CAMPBELL concur.