ERIE INSURANCE EXCHANGE, Plaintiff v. GRZEGORZ SZAMATOWICZ, CARMEN EVANS, and JENNIFER WILSON, Defendants

No. COA 03-699

(Filed 15 June 2004)

**1. Insurance— homeowners policy—coverage of birthday party in warehouse**

The trial court did not err by granting summary judgment for plaintiff on the issue of whether his homeowners insurance policy covered a birthday party in a rented warehouse. The warehouse provided a more appropriate place for an activity that normally would have taken place at his home, and the use was in connection with his residence as that term is used in the policy.

2. **Insurance— homeowners policy—business pursuit exclusion—birthday party in warehouse**

The business pursuit exclusion in a homeowners insurance policy did not apply to a birthday party held in a warehouse. There was no evidence that the injured parties went to the warehouse for any business purpose, and, while the insured had rented the warehouse as an investment, he had not taken steps to establish any business at the warehouse and was not engaged in a business activity at the time of the fire.

3. **Insurance— homeowners policy—notice of claim—reasonable**

An insured gave notice to the insurer as soon as practicable once he reasonably believed that the policy would provide coverage where a fire occurred on 16 September 2001; defendant Szamatowicz did not learn that anyone was pursuing a claim until 15 February 2002, when he was served with a summons and complaint; defendant then contacted an attorney; and the attorney obtained an extension of time to answer, notified plaintiff insurance company on 10 April 2002, and filed an answer for defendant on 15 April 2002.

Appeal by plaintiff from order entered 24 March 2003 by Judge Evelyn W. Hill in Superior Court in Wake County. Heard in the Court of Appeals 3 March 2004.

*Bailey & Dixon, L.L.P., by David S. Coats, for plaintiff-appellant.*

*Maupin, Taylor, P.A., by Mark A. Whitson, for defendant-appellee Grzegorz Szamatowicz.*

*Duffus & Associates, by Adriana C. Corder, for defendant-appellees Carmen Evans and Jennifer Wilson.*

HUDSON, Judge.

This declaratory judgment action stems from an early morning fire on 16 September 2001 during a birthday party for defendant Grzegorz Szamatowicz. At the time of the fire, Mr. Szamatowicz and his then-wife had in effect a homeowner's insurance policy ("the Policy") issued by plaintiff Erie Insurance Exchange ("Erie") that covered their residence in Durham, North Carolina along with other Policy-defined insured locations. Erie subsequently instituted the

present action seeking a declaration that the Policy did not cover the accident at the warehouse. Erie and Mr. Szamatowicz filed cross motions for summary judgment. Following a hearing, the trial court denied Erie's motion and granted Mr. Szamatowicz's motion, declaring that the Policy covered the warehouse fire. Erie appeals. As explained below, we affirm.

Due to the expected 100 to 150 guests, Mr. Szamatowicz decided he could not comfortably host the party at his home. He also thought that the music and other noise associated with the party would interfere with his infant son's sleep. Mr. Szamatowicz subleased a warehouse located at 509 North West Street in Raleigh and held the party there. At the time of the sublease, Mr. Szamatowicz had no intended business purpose for the warehouse.

A few days after the party, a friend told Mr. Szamatowicz that two women were injured in the warehouse fire. He did not learn that anyone was alleging a claim against him until the two women, defendants Evans and Wilson, filed suit. In a letter sent 10 April 2002, before he filed an Answer to the Evans/Wilson complaints, Mr. Szamatowicz notified an Erie agent of the accident and inquired whether his homeowners' policy provided coverage. Having received no response from Erie, Mr. Szamatowicz filed his Answer on 15 April 2002. Erie later admitted it received notice of the claim no later than 19 April 2002, and agreed to defend Mr. Szamatowicz's law suits under a full reservation of rights.

The standard of review on appeal of a grant of summary judgment is well established:

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2003) (emphasis added). A party moving for summary judgment satisfies its burden of proof (1) by showing an essential element of the opposing party's claim is nonexistent or cannot be proven, or (2) by showing through discovery that the opposing party cannot produce evidence to support an essential element of his or her claim. Once the movant satisfies its burden of proof, the burden then shifts to the non-movant to set forth specific facts showing there is a genuine issue of material fact as to that essential element.

*Belcher v. Fleetwood Enters.*, 162 N.C. App. 80, 84-85, 590 S.E.2d 15, 18 (2004) (internal citations omitted).

## I. *Insured location*

**[1]** First, Erie argues that the trial court erred in granting defendants' motion for summary judgment because the warehouse was not an "insured location" under the terms of the Policy. We disagree.

The homeowners' policy at issue covers personal liability as follows:

COVERAGE E—PERSONAL LIABILITY

If a claim is made or suit is brought against an insured for damages because of bodily injury, personal injury or property damage caused by an occurrence to which this coverage applies, we will:

1. pay up to our limit of liability for the damages for which the insured is legally liable.

2. provide a defense at our expense by counsel of our choice, even if the suit is groundless, false or fraudulent. We may investigate and settle any claim or suit that we decide is appropriate. Our duty to settle or defend ends when the amount we pay for damages resulting from the occurrence equals our limit of liability.

The "insured location" exclusion in the Policy provides as follows:

1. Coverage E—Personal Liability and Coverage F Medical Payments to Others do not apply to bodily injury or property damage:

\*\*\*

    d. arising out of premises:

        1. owned by an insured;

        2. rented to an insured;

        3. rented to other by an insured;

    that is not an insured location[.]

The Policy defines "insured location" as:

> 4. "insured location" means:
>
>> a. the residence premises;
>>
>> b. the part of other premises, other structures and grounds used by you as a residence and;
>>
>>> 1. which is shown in the declarations; or
>>>
>>> 2. which is acquired by you during the policy period for your use as a residence;
>>
>> c. any premises used by you in connection with a premises in 4.a and 4.b above;

Our Courts have held that if language contained in an insurance policy is reasonably susceptible to two interpretations, it is to be construed in favor of coverage. *Insurance Co. v. Surety Co.*, 46 N.C. App. 242, 244, 264 S.E.2d 913, 915 (1980); *see also Woods v. Insurance Co.*, 295 N.C. 500, 246 S.E.2d 773 (1978). Additionally, this Court has interpreted the phrase "in connection with" and held it to be unambiguous and to have a "broad definition." *Nationwide Mut. Fire Ins. Co. v. Grady*, 130 N.C. App. 292, 297, 502 S.E.2d 648, 652 (1998).

In *Nationwide Mut. Ins. Co. v. Prevatte*, 108 N.C. App. 152, 423 S.E.2d 90 (1992), *disc. review denied*, 333 N.C. 463, 428 S.E.2d 184 (1993), at issue was whether a homeowner's policy covered injuries sustained by a guest riding the insured's all-terrain vehicle. The guest was riding on a trail which began on nearby property and ended on the property owned by a neighbor at the time the accident occurred. *Id.* at 153, 423 S.E.2d at 91. The Prevatte's policy excluded injuries arising out of the ownership or use of a motor vehicle or other motorized land conveyances. The policy also provided that the exclusion did not apply to motorized land conveyances designed for recreational use off public roads, not subject to vehicle registration and not owned by an insured, or "owned by an insured and on an insured location." *Id.* at 154, 423 S.E.2d at 91.

Like the Policy here, the definition of "insured location" in *Prevatte* included "any premises used by you in connection with a premises in 4a or 4b above." *Id.* Based upon that language, this Court concluded that "the location where the accident occurred was an insured location as defined by the policy because it was used in con-

**ERIE INS. EXCH. v. SZAMATOWICZ**

[164 N.C. App. 748 (2004)]

nection with the Simpson residence." *Id.* at 156, 423 S.E.2d at 92. Erie argues, however, that since the warehouse was some twenty miles from the insured's residence, it could not possibly be used in connection with the residence insured under the Policy. In *Prevatte*, we rejected a similar argument and refused to limit the definition of an insured location to only "reasonable geographical limits" absent express language in the policy to that effect. *Id.* Thus, we conclude that there is no per se limit on distance.

Here, Mr. Szamatowicz decided to have his birthday party at the warehouse instead of his residence, due to the number of guests, and out of concern for his infant son. The warehouse provided a more appropriate area for an activity that normally would have taken place at his residence. We conclude that Mr. Szamatowicz's use of the warehouse on this occasion was "in connection with" his residence as that term is used in the Policy. Thus, the superior court did not err in denying plaintiff's motion for summary judgment.

II. *Business Pursuits Exception*

[2] Plaintiff next argues that the trial court erred in granting defendants' motion for summary judgment because the business pursuit exclusion precludes coverage. We disagree.

The business purpose exclusion of the Policy provides that medical payments to others do not apply to bodily injury "arising out of or in connection with a business engaged in by an insured." Plaintiff directs our attention to *Nationwide Mut. Fire Ins. Co. v. Grady*, 130 N.C. App. 292, 502 S.E.2d 648 (1998) and *Nationwide Mutual Fire Ins. Co. v. Nunn*, 114 N.C. App. 604, 442 S.E.2d 340, *disc. review denied*, 336 N.C. 782, 447 S.E.2d 426 (1994), in support of its argument that the business purposes exclusion should apply. Plaintiff's reliance on these cases, however, is misplaced. In *Grady*, an employee of the Department of Revenue alleged that his supervisor, insured defendant Christopher Grady, assaulted him while he was walking down a hallway at the workplace. *Id.* at 293, 502 S.E.2d at 650. The trial court granted Nationwide declaratory judgment under the business pursuits exclusion contained in Grady's homeowners' policy, and this Court affirmed. *Id.* In doing so, we noted that the injury arose "because of Grady's business pursuits" and that "but for his job with the Revenue Department, Grady and [the employee] would not have been on the premises . . . and the tort claim would not have arisen." *Id.* at 297, 502 S.E.2d at 652.

Similarly, in *Nunn*, the insureds rented out a part of their house as a bed and breakfast and for other social events. During a wedding reception, a dog bit a guest as she was leaving the premises. She made a claim under the Nunns' homeowners' policy. In ruling that the business pursuits policy exclusion applied, we stated that "but for the reception, [the victim] would not have been on the premises and the tort claim would not have arisen." *Nunn*, 114 N.C. App. at 609, 442 S.E.2d at 344.

Here, there is no evidence that Evans and Wilson went to Mr. Szamatowicz's warehouse on the evening in question for any business purpose. Unlike the reception in *Nunn*, Mr. Szamatowicz did not collect an admission or other type of fee from the guests, nor did he otherwise host the party for profit. Indeed, Mr. Szamatowicz's deposition testimony reveals that his sublease of the warehouse was a mere passive investment. He had no specific use or purpose in mind when he acquired the warehouse, though he did consider three possibilities for the property: subleasing the property for profit, establishing a marble and granite business, or opening a restaurant and/or nightclub. However, Mr. Szamatowicz had taken no affirmative steps to establish any business at the warehouse, and thus, at the time of the accident, was not engaged in any business activity there. For the foregoing reasons, we overrule this assignment of error.

III. *Late Notice Provision*

[3] Erie next argues that Mr. Szamatowicz breached the late notice provision of the Policy, and therefore the trial court erred in granting defendants' summary judgment motion. We disagree.

North Carolina has a three-pronged test for determining the timeliness of notice to an insurer. Under this test, the court must determine (1) whether the notice was given as soon as practicable, (2) if not, whether the insured acted in good faith in notifying the insurer, and (3) if the insured acted in good faith, whether the late notice materially prejudiced the insurer's ability to investigate and defend the claim for liability. *Liberty Mut. Ins. Co. v. Pennington*, 356 N.C. 571, 580, 573 S.E.2d 118, 124 (2002).

Here, the affidavits and deposition testimony show that, although the fire occurred on 16 September 2001, Mr. Szamatowicz did not learn until 15 February 2002, when he was served with a summons and complaint, that anyone was pursuing a claim arising from the fire. Thereafter, Mr. Szamatowicz contacted an attorney, who obtained an extension of time within which to answer the com-

plaint, and who then notified an agent for Erie regarding the claim on or about 10 April 2002. Mr. Szamatowicz's counsel filed an answer on his behalf on 15 April 2002. We conclude that Mr. Szamatowicz gave notice to Erie as soon as practicable once he learned that a claim was being made against him and that he reasonably believed the Policy would provide coverage. We overrule this assignment of error. As a result, we deem it unnecessary to address Erie's remaining assignments of error.

Affirmed.

JUDGES McCULLOUGH and GEER concur.