Hely, J.
A. Introduction and Undisputed Facts
This homeowners insurance coverage case involves an accident that arose out of two businesses, one covered and one excluded. The insured is entitled to coverage.
Carleen F. Altobelli fell over an air compressor hose while attending a wood painting class on Judith L. Arsenault’s property in Gardiner. Ms. Altobelli sued Ms. Arsenault for negligence. Vermont Mutual, the insurer, is defending that suit under a reservation of rights. The insurer brought the present declaratory judgment action partly to resolve the coverage dispute involving a business endorsement and a business exclusion.
Ms. Arsenault conducted wood painting craft classes as a business on her property. The wood painting class business was named in and covered by an incidental business endorsement to Ms. Arsenault’s homeowners insurance policy. Ms. Al-tobelli fell over the compressor hose while in the course of attending one of the wood painting classes.
In keeping with the Chair City tradition, Ms. Arsenault also conducted a furniture making business on her property. She called it Country Rose. The air compressor hose that Ms. Altobelli fell over ran across the parking lot to a paint sprayer used in the furniture making business. The furniture making business was a separate business that was not identified as a covered business in the business endorsement to the policy.
B. The Business Coverage vs. the Business Exclusion
Ms. Arsenault’s homeowner’s policy with Vermont Mutual included an incidental business endorsement entitled Permitted Incidental Occupancies. This endorsement states: “For an additional premium, we cover the following ‘business’; . . . WOOD PAINTING CRAFT CLASSES conducted by an ‘insured’ on the ‘residence premises’ in . . . The dwelling as described in the Declarations.”
The business endorsement also has an exclusion that excludes coverage for personal liability and medical payments to others “[alrising out of or in connection with a ‘business’ engaged in by an ‘insured.’ ” The exclusion further states that the exclusion “does not apply to the necessary or incidental use of the premises to conduct the ‘business’ described above [the wood painting craft classes].”
As a threshold matter, Ms. Altobelli’s accident amounted to both an “occurrence” and “bodily injury” under the policy, so the personal liability and medical *779 payments to others coverages would normally apply. Normally in a homeowners policy the accident would have been excluded by the standard exclusion for a business engaged in by the insured. But in this case the standard exclusion was eliminated by the incidental business endorsement. This endorsement was plainly intended to extend the liability and medical payments coverages to occurrences and bodily injuries arising out of the wood painting craft classes that were named as the covered incidental business. Ms. Altobelli was on the insured premises for her wood painting class. There can be no dispute that her injury at least partially arose out of that covered activity. See Jussim v. Massachusetts Bay Insurance Co., 415 Mass. 24, 27-30 (1993); Commerce Insurance Co. v. Finnell, 41 Mass.App.Ct. 701 (1996). In the words of the endorsement, the accident arose from the “incidental use of the premises to conduct the [painting class] ‘business’ described above.”
The facts here also permit no reasonable dispute that the accident was also at least partly caused by and partly arose from the furniture making business. The furniture making business was not named as a covered business. Accidents arising from such a business are excluded by the exclusion in the business endorsement.
This leaves us with a conflict between the business endorsement insuring agreement that provides coverage for an accident arising from a covered business and the exclusion for accidents arising from an uncovered business. The ambiguity is not in the policy language itself but in the application of the two provisions to an accident caused by both a covered business and an uncovered business.
Where there is a conflict between two reasonable interpretations of policy provisions, “the insured in entitled to the benefit of the one that is more favorable to it.” Hakim v. Massachusetts Insurers’ Insolvency Fund, 424 Mass. 275, 281-82 (1997). Where the accident arose from both a business covered by the endorsement and a business excluded by the endorsement, the insuring agreement providing coverage must control. See Nationwide Mutual Fire Insurance Co. v. Nunn, 114 N.C.App. 604, 607, 442 S.E.2d 340, 343 (1994). A tie goes to the insured.
C. The Fraud Exclusion
The insurer’s complaint for declaratory judgment relies on two exclusions in the policy, the business exclusion discussed above and the fraud exclusion. The fraud exclusion excludes coverage to an insured who has “intentionally concealed or misrepresented any material fact or circumstance,” “engaged in fraudulent conduct,” or made false statements relating to this insurance." The insurer’s complaint alleges in part that coverage is excluded under this provision because the insured failed to disclose to the insurer prior to the accident that she was operating the furniture making business on the premises.
The motions for summary judgment and memo-randa of Carleen F. Altobelli and Vermont Mutual do not address the fraud exclusion raised in the insurer’s complaint. It follows that the court can order only partial summary judgment at this time based on the business exclusion issue.
D. Order*
Partial summary judgment is ordered for the defendants Judith L. Arsenault and Carleen F. Altobelli declaring that the business exclusion in the Permitted Incidental Occupancies endorsement does not exclude coverage or prevent Vermont Mutual Insurance Co. from having a duty to defend and a duty to indemnify the insured regarding the claims of Carleen F. Al-tobelli. This order is without prejudice to the rights of any party to raise or address the fraud exclusion in a further motion for summary judgment or as a defense at trial even if the original deadline for Rule 56 motions may have expired. The court makes no suggestion on whether the fraud exclusion applies to the facts of this case.